**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JOHN ANTHONY CASTRO,

Plaintiff,

v. Civ. No. 23-766 KK/GJF

MAGGIE TOULOUSE OLIVER and
DONALD JOHN TRUMP,

Defendants.

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on pro se Plaintiff's (1) Verified Complaint for Declaratory and Injunctive Relief [ECF 1] ("Complaint") and (2) Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights [ECF 2] ("Motion").

## I. THE COMPLAINT

Plaintiff is a Republican primary presidential candidate for the 2024 United States presidential election. He alleges that Defendant Trump is ineligible to pursue and hold any public office in the United States pursuant to Section 3 of the Fourteenth Amendment to the United States Constitution for providing aid and comfort to the participants in the January 6, 2021, insurrection. *See* Compl. [ECF 1] at 9–11. Plaintiff seeks declaratory judgments and an injunction against Defendant Toulouse Oliver, New Mexico Secretary of State, "to prevent the acceptance and/or processing of any ballot access documentation of Defendant Donald John Trump for both the primary election and general election." *Id.* at 12, ¶ 18. Plaintiff alleges that, as a "political competitor," he is suffering irreparable injuries "because Trump, who is constitutionally ineligible to hold office, is siphoning off votes and contributions." *Id.* at 35, ¶ 103.

## II. DECLARATORY RELIEF

Plaintiff seeks the following declaratory judgments:

(i) "whether Trump is constitutionally eligible to pursue and/or hold the Office of the Presidency of the United States on the factual assertion that he provided aid or comfort to the January 6 Insurrectionists;"

(ii) "whether, if Trump was found to have provided aid or comfort to the January 6 Insurrectionists, Castro has the legal right to enjoin Trump from campaigning for the Presidency since that would violate Section 3 of the 14th Amendment, FECA, and/or constitute knowingly fraudulent misrepresentation regarding eligibility;"

(iii) "whether [Plaintiff] can secure an injunction to prevent the unconstitutional act of Trump submitting a state ballot access application. In other words, whether the Court can issue an injunction preventing Trump from engaging in the unconstitutional act of submitting a state ballot access application since that would be violative of his disqualification from public office pursuant to Section 3 of the 14th Amendment;"

(iv) "whether [Plaintiff] has standing and the right to secure an injunction to prevent individual state election authorities from accepting and processing Trump's state ballot access application;"

(v) "whether [Plaintiff] would have standing and the right to secure an injunction against the Republican Party to prevent his formal nomination at the Republican National Convention if Trump won the primary election;" and

(vi) "whether [Plaintiff], having declared and verified his intention to be a write-in candidate for the general election if he is unsuccessful in securing the nomination of the Republican Party, would have standing and the right to secure an injunction against the Joint Congressional Committee on Inaugural Ceremonies preventing the inauguration of Trump if Trump won the general election." Compl. at 22-24.

The Court **orders Plaintiff to show cause** why the Court should exercise its discretion and entertain Plaintiff's requests for declaratory judgments:

> Whether a district court has discretion to entertain a suit for declaratory judgment does not depend solely on the jurisdictional basis of the suit. As the Supreme Court stated in *Wilton v. Seven Falls Co.*, "district courts possess discretion in determining whether . . . to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites.*" 515 U.S.

> 277, 282 (1995) (emphasis added). This is because the Declaratory Judgment Act itself is "an enabling Act, which confers a discretion on the courts," regardless of the jurisdictional bases upon which the suit is brought. *Id.* at 287 (quotation omitted).

*United States v. City of Las Cruces*, 289 F.3d 1170, 1180–81 (10th Cir. 2002); 28 U.S.C. § 2201(a) (Declaratory Judgment Act providing that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)). In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

**III. INJUNCTIVE RELIEF**

"Plaintiff John Anthony Castro asks this Court to issue an injunction preventing Defendant Secretary of State from accepting and/or processing Defendant Donald John Trump's ballot access documentation, including, but not limited to, nominating papers and nominating petitions." Compl. at 11, ¶ 16. It appears Plaintiff is seeking a temporary restraining order. *See* Compl. at 34, ¶ 99 (stating: "The court may issue a temporary restraining order").

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

> . . . .
>
> The Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(b)(1) and (c). Plaintiff has not certified in writing any efforts he has made to give notice to Defendants or the reasons why notice should not be required. Plaintiff also has not given any security and has not offered any reasons regarding what amount of security is proper.

The Court **orders Plaintiff to show cause** why the Court should not dismiss his request for a temporary restraining order for failure to comply with Rule 65(b)(1)(B) and (c).

## IV. DEFENDANT DONALD JOHN TRUMP

The Complaint states: "Defendant Donald John Trump is a nominal defendant." Compl. at 8, ¶ 5; *see also Party (2)*, Black's Law Dictionary (9th ed. 2009) (defining a "nominal party" as "[a] party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment"). It appears that Defendant Trump is more than a nominal party because Defendant Trump has an interest that could be affected by the Court's judgment. *See* Compl. at 12, ¶ 18 (Plaintiff seeks an injunction against Defendant Toulouse Oliver, New Mexico Secretary of State, "to prevent the acceptance and/or processing of any ballot access documentation of Defendant Donald John Trump for both the primary election and general election"). Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over Defendant Trump. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

The Court **orders Plaintiff to show cause** why the Court should not dismiss this case for lack of personal jurisdiction over Defendant Trump. *See* Fed. Civ. P. 19(b) ("If a person who is

required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed").

## V. THE REPUBLICAN PARTY AND THE JOINT CONGRESSIONAL COMMITTEE ON INAUGURAL CEREMONIES

Plaintiff seeks declaratory judgments regarding his legal relationships with the Republican Party and the Joint Congressional Committee on Inaugural Ceremonies. *See* Compl. at 23 (seeking declarations whether Plaintiff has standing to enjoin the Republican Party from nominating Trump and to enjoin the Joint Congressional Committee on Inaugural Ceremonies preventing the inauguration of Trump). The Republican Party and the Joint Congressional Committee on Inaugural Ceremonies are not parties to this action.

The Court **orders Plaintiff to show cause** why the Court should entertain Plaintiff's requests for declaratory judgments regarding the Republican Party and the Joint Congressional Committee on Inaugural Ceremonies given that they are not Defendants in this action and Plaintiff has not shown that the Court has subject matter and personal jurisdiction to enjoin The Republican Party and the Joint Congressional Committee on Inaugural Ceremonies.

## VI. RECUSAL OF SUPREME COURT JUSTICE CLARENCE THOMAS

It appears that Plaintiff may be seeking an order from this Court requiring that United States Supreme Court Justice Clarence Thomas recuse from any appeal of this case to the United States Supreme Court. After providing a definition of "insurrection" to be "an act or instance of revolting against civil authority or an established government," Plaintiff states: "This would apply to the wife of United States Supreme Court Justice Clarence Thomas, Virginia Thomas, requiring Justice Thomas' mandatory recusal under 28 U.S.C. § 455, which Plaintiff asserts herein to preserve for appeal." Compl. at 26-27, ¶ 71.

The Court **orders Plaintiff, to the extent he seeks an order requiring recusal of Justice**

**Thomas, to show cause** why the Court should not dismiss Plaintiff's request for lack of jurisdiction.

**VII. MOTION FOR LEAVE TO FILE ELECTRONICALLY**

Plaintiff asks the Court for permission to participate in electronic case filing in this case, asserting that he has reviewed the requirements for e-filing and has access to the technology necessary to e-file successfully. *See* Mot. [ECF 2] at 1.

The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the pro se litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised January 2021).

**VIII. CONCLUSION**

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff shall, pursuant to Sections II through VII above, and **no later than October 10, 2023**, show cause why the Court should not dismiss Plaintiff's claims. Failure to timely show cause may result in dismissal of this case.

(2) Plaintiff's Motion File Electronically [ECF 2] is **GRANTED**.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE