# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO
# SANTA FE DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO ) <br> 12 Park Place, Mansfield, TX 76063 ) <br> ) <br>     Plaintiff, ) <br> ) <br> *v*. ) <br> ) <br> SECRETARY OF STATE MAGGIE ) <br> TOULOUSE OLIVER ) <br> 325 Don Gaspar, Ste 300, Santa Fe, NM 87501 ) <br> ) <br> DONALD JOHN TRUMP ) <br> 1100 S. Ocean Blvd, Palm Beach, FL 33480 ) <br> ) <br>     Defendants. ) <br> ) | Case No. 1:23-cv-00766 |

**PLAINTIFF'S VERIFIED REPLY TO TRUMP'S RESPONSE TO OBJECTION**

    Plaintiff John Anthony Castro, *pro se*, files this Reply to Defendant Donald John Trump's Response to Plaintiff's Objection, and, in support thereof, shows as follows:

<u>NO MOTION TO DISMISS WAS EVER FILED</u>

    Counsel for Defendant failed to properly file a Motion to Dismiss in accordance with the Federal Rules of Civil Procedure and this Court has no authority to liberally construe the incompetent filings of licensed legal counsel. Counsel for Defendant Donald John Trump then desperately claims that Plaintiff's response to the filing waives the matter, but Plaintiff made this clear in the opening statement to his filing uniquely titled "Contingent Response" and stated "Plaintiff John Anthony Castro, *pro se*, **without waiving and specifically preserving his position that Defendant Donald John Trump's ECF 15 filing is legally insufficient to constitute a motion** and was impermissibly filed without leave of the court, file this response[.]"

Even if this Court chooses to violate the law and liberally construe the memorandum as a motion, which Plaintiff will seek to overturn on appeal and address with the U.S. Court of Appeals for the 10th Circuit via 28 U.S.C. § 351, the memorandum only referenced subject matter jurisdiction and stating a claim upon which relief can be granted.

If this Court liberally construes a memorandum as a motion, it must be prepared to open the flood gates to future incompetent filings, which Plaintiff will ensure by appealing the decision to compel the 10th Circuit to decide whether it wishes to start subsidizing the incompetence of licensed legal counsel.

### CHALLENGE TO SUFFICIENCY OF SERVICE WAIVED

Now, in a response to an objection, Counsel for Defendant tries to commit fraud upon this Court by trying to sneak in a challenge to service of process under Fed. R. Civ. P. 12(b)(5) despite service of process being legally effectuated pursuant to Fed. R. Civ. P. 4(e)(2)(C).

Defendant Donald John Trump failed to timely challenge this. Fed. R. Civ. P. 12(g)(2) blocks this feeble attempt. Period.

### SECRETARY OF STATE

Plaintiff properly served the Secretary of State. This civil action has received global and local media coverage from New York to California as well as Santa Fe and Albuquerque, and the Secretary of State is fully aware of the case. The Secretary of State would have to be living in a save to have not heard about this case. *See* Exhibit A, Affidavit of Media Coverage.

No one can speculate as to why the Secretary of State has not responded. However, if Plaintiff *had* to speculate, it is likely because she could not care less whether Defendant Donald John Trump is disqualified from the ballot. If the Secretary of State wants to challenge sufficiency

of service, she is free to do so, but Plaintiff will challenge it on the basis that it is time-barred after legally sufficient service of process pursuant to Fed. R. Civ. P. 4(e)(2)(C).

SUBJECT MATTER JURISDICTION

As mentioned before, subject matter jurisdiction is never waived, so the Court is free to fully consider all arguments against subject matter jurisdiction. That being said, the *Political Question Doctrine* is an affirmative defense to subject matter jurisdiction that Defendant Donald John Trump bears the burden of proving.[1]

Defendant Donald John Trump's basis for raising the affirmative defense of the Political Question Doctrine is that there is a "textually demonstrable constitutional commitment of the issue to a coordinate political department."[2] As such, Defendant Donald John Trump must cite a provision of the U.S. Constitution that demonstrates that there is text therein that reserves the determination of constitutional qualifications and eligibility to the legislative or executive branches of the federal or state government. In support of this, Defendant Donald John Trump cites Article II, Section 1, Clause 2, of the U.S. Constitution as well as the 12th Amendment. However, those

---

[1] *See U.S. v. Kellogg Brown & Root Servs., Inc*., 856 F. Supp. 2d 176, 179 (D.D.C. 2012) ("The government asserts a number of independent barriers to KBR's counterclaim and affirmative defense, including judicial estoppel, the political question doctrine, failure to exhaust administrative remedies, and failure to state a claim."); *Fed. Republic of Yugoslavia v. Park-71st Corp*., 913 F. Supp. 191, 193 (S.D.N.Y. 1995) ("Defendant… asserts, as an affirmative defense, that Plaintiff lacks standing and that this matter presents a non-justiciable political question."); *Fair Fight Action, Inc. v. Raffensperger*, 634 F. Supp. 3d 1128, 1148 (N.D. Ga. 2022) ("Defendants presented the following affirmative defenses… Political Question Doctrine."); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 1600487, at *2 (N.D. Fla. Apr. 23, 2021) ("the affirmative defense based on the political question doctrine"); *Cassirer v. Thyssen-Bornemisza Collection Found*., No. CV 05-03459 GAF EX, 2014 WL 5510996, at *6 (C.D. Cal. Oct. 31, 2014) ("Political Question Affirmative Defense"); *U.S. v. Washington*, 19 F. Supp. 3d 1317, 1338 (W.D. Wash. 2000) ("political question affirmative defense"); *Seneca Nation of Indians v. State*, No. 93-CV-688A, 1994 WL 688262, at *1 (W.D.N.Y. Oct. 28, 1994) ("The affirmative defenses raised by defendants' answers include... political question."); *U.S. v. Hempfling*, No. CVF05-594LJOSMS, 2007 WL 1299262, at *2 (E.D. Cal. May 1, 2007) ("Affirmative Defense: The political question doctrine"); *Caliste v. Cantrell*, No. CV 17-6197, 2017 WL 6344152, at *1 (E.D. La. Dec. 12, 2017) ("Defendant also alleges twenty-eight affirmative defenses including… non-justiciable political question."); *Simon v. Republic of Hungary*, No. CV 10-01770 (BAH), 2012 WL 13069771, at *6 (D.D.C. Sept. 30, 2012) ("The Court concludes that RCH has asserted meritorious defenses, insofar as it is has asserted six affirmative defenses… The claims against RCH constitute non-justiciable political questions.").
[2] Baker v. Carr, 369 U.S. 186, 217 (1962).

provisions apply to a general election and governs electors and the manner by which they ultimately convene as the Electoral College to select the next President of the United States. This is not the general election. This is a primary election. A primary election is not governed by these constitutional provisions. This is the basis of Plaintiff's appeal to the U.S. Court of Appeals for the First Circuit. *See* Exhibit B, Appellant's Opening Brief to the 1st Circuit.

Defendant Donald John Trump will not escape justice for aiding and comforting the insurrectionists that violently attacked our United States Capitol on January 6, 2021. Plaintiff John Anthony Castro will uphold, defend, and enforce the United States Constitution so help me God.

## REQUESTED RELIEF

Plaintiff asks this Court to schedule a hearing for the Motion for Judgment on the Pleadings at which time the Court can hear oral arguments by both Plaintiff John Anthony Castro and Defendant Donald John Trump. Plaintiff also requests this expedited hearing permit the testimony of witnesses. *See* Exhibit C, Proposed Witness List.

Respectfully submitted,

Dated: November 1, 2023.   By:   */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on November 1, 2023.

/s/ John Anthony Castro
John Anthony Castro

## **CERTIFICATE OF SERVICE**

On November 1, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF.  It is further certified that all other parties will be served via CM/ECF if they are registered users, and, if they are not registered users or have not yet filed a notice of appearance, they will be served by U.S. postal mail.

*/s/ John Anthony Castro*
John Anthony Castro
