IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ANTHONY CASTRO,

    Plaintiff,                                               Civil Action No. 23-766-MLG/GJF

v.

MAGGIE TOULOUSE OLIVER and
DONALD JOHN TRUMP

    Defendants.

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

    Defendant Donald John Trump, by counsel, hereby responds in opposition to Plaintiff's November 19, 2023, Motion to Take Notice of Adjudicative Facts from Colorado State District Court Regarding Defendant Donald John Trump, [CM/ECF No. 45].

    Plaintiff asks this Court to take "formal judicial notice" of certain "adjudicated facts" found in a November 17, 2023, decision of the Colorado State District Court. [CM/ECF No. 45 at 3.] Courts are restricted from taking judicial notice of court records for the truth of the matters they assert, and may only take notice of another court's opinion for the mere existence of the opinion, not for the truth of the facts recited in the opinion. *Johnson v. Spencer*, 950 F.3d 680, 706 (10th Cir. 2020); *The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) (same); *Ajaj v. United States*, No. 15-CV-02849-RM-KLM, 2020 WL 5758521, at *2 (D. Colo. Sept. 28, 2020) (same).

    Judicial notice of the findings of the Colorado court in this instance would be even more inappropriate than in the run of the mill case for two reasons. First, as the opinion itself makes clear, the court ultimately found in President Trump's favor on a legal ground. Every one of its

factual findings and legal rulings apart from that legal ruling—that Section 3 of the 14th Amendment did not, as a matter of law, apply to President Trump—was unnecessary to its holding and, therefore, dicta.

Second, judicial notice is not the proper vehicle to seek judicial recognition of facts found in another proceeding. It is the doctrine of collateral estoppel that bars relitigation of a specific issue, but only when the following conditions are met:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1285 (10th Cir. 2012).

Here, collateral estoppel cannot lie for three reasons. First, the Colorado trial court's ruling—issued just last Friday—is a far cry from final. Rather, Defendant has appealed the decision and is filing his opening brief next week.

Next, "even if an issue is actually decided in the prior proceeding, preclusive effect does not attach unless the resolution of the issue was 'essential to the judgment' in the prior proceeding." *Blixseth v. Credit Suisse AG*, 129 F. Supp. 3d 1190, 1204 (D. Colo. 2015), *aff'd sub nom. Blixseth v. Cushman & Wakefield of Colorado, Inc.*, 678 F. App'x 671 (10th Cir. 2017) (citing *Arizona v. California*, 530 U.S. 392, 414 (2000). "When the jury or the court makes findings of fact, but the judgment is not dependent those findings, they are not conclusive between the parties in a subsequent action." 18 James W. Moore, et al., *Moore's Federal Practice* ¶ 132.03 (2011). In other words, if the finding was dicta or otherwise unnecessary to the decision, it cannot have

preclusive effect. *In re Microsoft*, 355 F.3d 322, 327 (4th Cir. 2004) (gathering cases construing "necessary" to mean "material," "indispensable," and "requisite"); *id.* at 332 (Gregory, J., concurring) (reaching a narrower reading of "necessary" than the majority, but still finding that collateral estoppel "prevents nonessential dicta and ancillary findings from being afforded preclusive effect").

Similarly, it is black-letter law that collateral estoppel does not apply to adverse findings that a prevailing party cannot challenge on appeal. *See* Restatement (Second) of Judgments § 28 cmt. a (collateral estoppel does not apply if "the party who lost on the issue obtained a judgment in his favor"); *Bobby v. Bies*, 556 U.S. 825, 829 (2009) ("Issue preclusion, in short, does not transform final judgment losers . . . into partially prevailing parties."); *Partmar Corp. v. Paramount Pictures Theatre Corp.*, 347 U.S. 89, n.6 (1954) ("[W]hen a finding of law or fact is not necessary for a decree . . . the prevailing party may not appeal and the finding does not form the basis for collateral estoppel.").

Because President Trump *prevailed* on a separate legal issue, all of the Colorado trial court's findings and legal rulings adverse to him were, by definition, not necessary to its holding and therefore cannot form the basis for collateral estoppel against him. Nor can Castro avoid the requirements for the application of collateral estoppel by calling it "judicial notice."

Accordingly, President Trump has no objection to this Court taking notice of the decision itself. But Plaintiff's request for judicial notice of the legal holdings and factual findings of the Colorado District Court is improper. These issues are far from undisputed; in *this* case, the parties have filed significant briefing on disputed issues that cannot be disregarded by judicial notice. Doubly so, here, given that Plaintiff himself disputes the core holding of the Colorado State District

Court decision.  [CM/ECF No. 45 at 2-3.][1]  This Court can take judicial notice of the decision itself, but not the legal holdings and factual findings, which remain disputed.

For these reasons, President Trump opposes Plaintiff's Motion for Judicial Notice, [CM/ECF No. 45.]

**CARUSO LAW OFFICES, P.C.**

Electronic Filing

By: */s/ Mark J. Caruso*
Mark J. Caruso, Esq.
4302 Carlisle Blvd., NE
Albuquerque, New Mexico  87107
(505)  883-5000
mark@carusolaw.com

**DHILLON LAW GROUP, INC.**

Michael A. Columbo
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700
mcolumbo@dhillon.com

Gary Lawkowski
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
703-574-1654
glawkowski@dhillon.com

Attorneys for President Trump

---

[1] Plaintiff improperly takes the opportunity to argue against the Colorado State Court decision and to supplement the legal arguments he made in dismissal briefing.  [*See* CM/ECF No. 45 at 2-3.]

**CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on the 22 day of November 2023, that Donald John Trump's Response in Opposition to Plaintiff's Motion for Judicial Notice was served upon all parties of record electronically via the Court's CM/EMF system.

/s/ Mark J. Caruso
Mark J. Caruso, Esq.
Attorney for Defendant Trump
4302 Carlisle Blvd NE
Albuquerque, NM 87107
Phone: 505-883-5000
Fax: 505-883-5012
E-mail: mark@carusolaw.com