# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN ANTHONY CASTRO

     Plaintiff,

v.                                                                    Case No. 1:23-cv-00766-GJF-MLG

SECRETARY OF STATE MAGGIE
TOULOUSE OLIVER, and
DONALD JOHN TRUMP,

     Defendants.

## BRIEF OF AMICI CURIAE MARYAM AHRANJANI, CHRISTOPHER DODD, AND COMMON CAUSE

Maryam Ahranjani is the Ron and Susan Friedman Professor of Law at the University of New Mexico and a former visiting professor of law at the University of Nevada-Las Vegas William S. Boyd School of Law. Professor Ahranjani teaches and writes in the areas of constitutional rights, criminal law and procedure, and education law and directs the UNM chapter of the Marshall-Brennan Constitutional Literacy Project. Professor Ahranjani has received national and local awards for her scholarship, teaching, and service.

Christopher Dodd is a founding partner of the Dodd Law Office in New Mexico, and has tried dozens of cases to juries and judges in state and federal court.  Dodd started his legal career with the New Mexico Law Offices of the Public Defender. In 2022, Chris represented three New Mexico residents in *New Mexico ex rel. White v. Griffin,* where a First Judicial District Court judge found that Otero County Commissioner Couy Griffin was disqualified under Section 3 of the 14th Amendment for his role in the insurrection against the Constitution on January 6, 2021.  Dodd has

been recognized as a Champion for Indigent Defense by the Chairman of the New Mexico Public Defender Commission.

Common Cause is a nonpartisan, grassroots organization dedicated to fair elections, due process, and working to ensure that government at all levels may be more democratic, open, and responsive to the interests of the people. Founded by John Gardner in 1970 as a "citizens lobby," Common Cause has over 1.5 million members nationwide and local organizations in 36 states. Common Cause is a leader in the fight for open, honest, and fair elections throughout the United States, and in New Mexico through its New Mexico chapter. Common Cause has long supported efforts to protect the integrity of elections from partisan attack or manipulation and to ensure stable governing processes rooted in a deep respect for the rule of law.

## ARGUMENT

The legal question of whether Mr. Trump is disqualified from public office under Section 3 of the Fourteenth Amendment is "one of the most fundamental constitutional questions ever presented … in the two hundred and fifty years since the founding of the nation," according to former U.S. Court of Appeals Judge J. Michael Luttig.[1] The *pro se* Plaintiff in this suit has embarked on a sweeping personal campaign to litigate that question in federal and state courts across the country. Courts have uniformly dismissed his suits, calling his arguments "wholly underdeveloped and unsubstantiated." *Castro v. Scanlan*, __ F.4th __, __, 2023 WL 8078010, at *4 (1st Cir. Nov. 21, 2023). This is not how a highly consequential issue of constitutional law should be decided. To ensure the issue can be fully and fairly adjudicated through the adversarial process, *Amici* respectfully urge this Court to dismiss Plaintiff's complaint for lack of Article III

---

[1] Issac Chotiner, *The Constitutional Case for Barring Trump from the Presidency*, The New Yorker, Aug. 23, 2023, https://www.newyorker.com/news/q-and-a/the-constitutional-case-for-barring-trump-from-the-presidency.

standing—as numerous others courts have—or insufficient service of process, and decline to reach any other asserted ground for dismissal, including the political question doctrine.

### The Court Should Dismiss the Complaint for Lack of Article III Standing.

The clearest basis for the dismissal of Plaintiff's complaint is a lack of Article III standing under Federal Rule of Civil Procedure 12(b)(1). Several courts have dismissed Plaintiff's identical complaints due to lack of Article III standing. *See, e.g.*, *Castro*, 2023 WL 8078010, at *5–*11; *Castro v. Trump*, 2023 WL 7093129, at *1 (S.D. Fla. June 26, 2023); *Caplan v. Trump*, 2023 WL 6627515, at *3 (S.D. Fla. Aug. 31, 2023). While Amici do *not* endorse Mr. Trump's characterizations of the competitor standing doctrine, Plaintiff has failed to carry his burden even under the most charitable reading of that doctrine. His complaint should therefore be dismissed on that ground alone.

### The Court May Also Dismiss the Complaint for Insufficient Service of Process.

According to Mr. Trump, Plaintiff's service was improper because it did not comply with federal law or state law. Trump Reply in Supp. of Am. Mot. to Dismiss at 2–3, *Castro v. Toulouse Oliver et al.*, 23-cv-00766 (D.N.M. Nov. 1, 2023). If that is accurate, the Court may also dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5).

### The Court Should Not Reach the Political Question Doctrine.

In *Castro v. Scanlan*, as in this case, Mr. Trump moved to dismiss Castro's complaint on both standing and political question grounds. *Castro*, 2023 WL 8078010, at *1. While the district court reached both questions, the First Circuit took a different approach. As the court explained:

"We confine our analysis … to the issue of standing … both because Castro has clearly failed to meet that burden and because of the limited nature of the arguments that he makes about the more generally consequential political question issue." *Id.* at *5; *see also Doe v. Bush*, 323 F.3d 133, 139–40 (1st Cir. 2003) (clarifying that the court affirmed dismissal "based on ripeness rather than the political question doctrine," and noting that like the Supreme Court, "[o]ur court has been similarly sparing in its reliance on the political question doctrine").

This Court should follow the First Circuit's lead. Plaintiff has failed to adequately address the application of the political question doctrine in this case, and as such the issues are not sufficiently presented for this Court to render an informed judgment on such an important issue. Meanwhile, the question is being actively and meticulously litigated in other jurisdictions—most notably by represented parties in Colorado and Michigan.[2] Because there is no need to address the political question doctrine, because it has not been adequately briefed, and because the question is "generally more consequential" than the standing question, the Court should not reach it.

## CONCLUSION

*Amici* respectfully request that the Court dismiss Plaintiff's complaint for lack of Article III standing, or on grounds of insufficient service of process, without reaching any other asserted ground for dismissal.

Respectfully submitted,

/s/      Levi A. Monagle        12/01/23
Levi A. Monagle
Hall Monagle Huffman & Wallace LLC

---

[2] *See Tracking Section 3 Trump Disqualification Challenges*, Lawfare, https://www.lawfaremedia.org/current-projects/the-trump-trials/section-3-litigation-tracker.

122 Wellesley SE Albuquerque NM 87106
Phone: (505) 255 6300
Fax: (505) 255 6323
Email: levi@hmhw.law

*Counsel for Amici Curiae*

**Certificate of Service**

I, Levi A. Monagle, hereby certify that on this the 1st day of December, 2023, a true and correct copy of the following document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel for all parties of record.

*/s/s Levi A. Monagle*
Levi A. Monagle