IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN ANTHONY CASTRO,**
      **Plaintiff,**

v.                                                Civ. NO. 1:23-cv-00766-GJF-MLG

**MAGGIE TOULOUSE OLIVER and**
**DONALD JOHN TRUMP.**
      **Defendants.**

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Defendant Donald John Trump, by counsel, hereby responds in opposition to Plaintiff's Motion to Amend. (CM/ECF No. 63 ("Motion").) The Motion states that Plaintiff seeks leave to amend his Complaint because he fears this Court will dismiss his Complaint for lack of standing. (Motion at 1-2.) He seeks to add to his Complaint purported "campaign activities that arose after the filing of the original complaint." (Motion at 1.) Because the motion is futile and/or brought in bad faith, however, Plaintiff's motion should be denied.

If a party has failed to amend its pleading "as a matter of course" under Rule 15(a)(1), then it can amend only with either the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave is freely given "when justice so requires," *id.*, courts should refuse to grant leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation and internal quotation marks omitted).

1

Here, the Court should deny Plaintiff's motion to amend because it is futile and/or brought in bad faith.

### 1. Plaintiff's Amendment is Futile.

Plaintiff's proposed Amended Complaint is futile because it would still require dismissal under Rule 12(b). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014) (citation and internal quotation marks omitted). "A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if the plaintiff fails to allege facts that would 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 1012-13 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

Plaintiff's proposed Amended Complaint is futile because it would nevertheless require dismissal for lack of standing, among other reasons. Plaintiff attempts to justify his Motion by claiming that the First Circuit, when it affirmed the District of New Hampshire's dismissal of Plaintiff's similar complaint seeking to keep President Trump off the ballot in New Hampshire, failed to consider Plaintiff's post-complaint campaign activities. But the First Circuit *did* consider Castro's post-complaint "campaign activities." *Castro v. Scanlan*, 86 F.4th 947, 959 (1st Cir. 2023) ("We are not quite finished. The reason is that we are aware that there is evidence in the record that shows that, after Castro filed the operative complaint, he expressed his intent to travel to New Hampshire on October 11 to file his declaration of candidacy and pay the $1,000 filing fee to appear on the state's 2024 Republican presidential primary ballot -- and that on October 11, he did so.") ("*Scanlan*").

The First Circuit explained that including, in an amended complaint, campaign activities that occurred after the original complaint was filed, such as "by showing that he will appear (or

is likely to appear) on the relevant ballot," would not necessarily cloak Castro with standing. *Id.* In that regard, the First Circuit indicated even an amended complaint could fail to save Castro's lack of standing there. *Id.* The Court elaborated:

> [W]e cannot agree that a showing that a plaintiff has taken the steps required to be placed on the ballot in the primary contest at issue necessarily always suffices to show such an injury. Indeed, if the rule were otherwise, then the theory of political competitor standing would seem to offer those invoking it a significant means of **effecting an end-run** around the usual bar to a federal court's power to remedy what is in the end merely a generalized grievance.

*Id.* at 960 (emphasis added).

A recent decision from the District of Arizona similarly found that it lacked subject-matter jurisdiction because Castro lacks standing. *John Anthony Castro, Plaintiff, v. Adrian Fontes, et al., Defendants.*, No. 23-cv-01865-PHX-DLR, 2023 WL 8436435, at *2 (D. Ariz. Dec. 5, 2023) ("*Fontes*"). And, at the same time, the *Fontes* court also denied Castro's motion to amend. In so deciding, the *Fontes* court determined that "[t]he beefed-up standing allegations in Castro's proposed verified amended complaint mirror the evidence previously submitted to the Court in the form of affidavits," and that the court "considered this information and concluded that it does not establish a genuine, concrete competitive injury." *Id.* at *6. In the end, the *Fontes* court found that, "even considering the allegations in Castro's proposed amended verified complaint," "Castro is not genuinely competing with Trump for votes or contributions, and therefore is not suffering a concrete competitive injury." *Id.*

Similarly, just yesterday the District Court for the Southern District of West Virginia dismissed yet another complaint from Castro for lack of standing. *Castro v. Warner, et al.*, Case No. 2:23-cv-00598 (S.D.W.Va. Dec. 21, 2023) (ECF No. 88). The West Virginia court noted "[b]ecause Plaintiff has filed more than two dozen similar cases, the Court has the benefit of previous decisions addressing [standing] issues, arising from essentially identical complaints and

3

facts in other states. The courts that have ruled have uniformly concluded that the Plaintiff lacks standing." *Id*. at 10. The court went on to "find[] that Mr. Castro's complaint relies on supposition and speculation" and noted Castro's "evidentiary submissions only make matters worse for the Plaintiff." *Id*. at 12, 13. Indeed, "[i]f there were any questions as to whether the allegations in the complaint are sufficient to overcome a facial challenge, the evidentiary submissions remove any doubt that Mr. Castro's purported 'campaign' exists as a vehicle for pursuing litigation, not votes." *Id*. at 13.

Castro's proposed amendment to the Complaint in this case does not overcome his standing deficiency. As in West Virginia and Arizona, additional evidence does not help Castro.

Even when considering the amendment, Plaintiff's allegations still fail to satisfy the basic elements for standing. For example, Plaintiff highlights that, since the filing of his Complaint on September 8, 2023, he "has received worldwide media coverage and recognition as a Presidential candidate." (Motion at 2.) In the next sentence, however, he admits that the one could chalk up the "coverage as focusing only on Plaintiff's litigation" (Motion at 3), which is what the First Circuit noted. *Scanlan*, 86 F.4th at 960 n.7 ("We note that the District Court found Castro's testimony 'about his media coverage' unpersuasive because '[t]he court ha[d] no way of knowing whether the purported media coverage focused on Castro as a candidate actually seeking the Republican nomination for president, or as a litigant seeking to disqualify Trump.'" (alterations in original)).[1]

---

[1] On this point, Plaintiff argues that his campaign strategy "will one day be studied as an early example of multi-state guerilla lawfare," and lectures that the "federal judiciary is in no position to adjudicate Plaintiff's campaign media strategy and how these cases play into it." (Motion at 3.)

Plaintiff next trumpets a trio of states where he has been placed on the ballot: Nevada, New Hampshire, and Arizona. (Motion at 3.) But as explained by the First Circuit, even evidence of ballot placement in the state at issue may just be "effecting an end-run" around the federal court's standing requirements. *See Scanlan*, 86 F.4th at 960. And likely ballot placement in Arizona did not convince the *Fontes* court that Castro demonstrated standing. Even granting that the evidence showed Castro's likely placement on the Arizona ballot,

> it does not convince the Court that Castro is genuinely competing with Trump for votes or contributions, or that he has any chance or intent to prevail in that election. Castro offers no evidence that he has Arizona supporters, that he has received contributions from any voter anywhere in the country, or that he would gain support or contributions if Trump could not appear on the ballot.

*Fontes*, 2023 WL 8436435, at *4.

Finally, Plaintiff notes that he raised campaign contributions from "throughout the United States," hired an alum of the University of New Mexico School of Law, and campaigned in Albuquerque and Santa Fe. (Motion at 3.) But none of this should "convince the Court that Castro is genuinely competing with Trump for votes or contributions, or that he has any chance or intent to prevail in [New Mexico's] election." *Fontes*, 2023 WL 8436435, at *4.

Accordingly, because Castro's amendment is futile, his Motion should be denied.

**2. Plaintiff Filed his Motion to Amend in Bad Faith.**

Bad faith can be inferred when an amendment is a "lightly veiled attempt to avoid" unhelpful allegations made in a previous pleading. *See Ayon v. Gourley*, 185 F.3d 873 (10th Cir. 1999). As the *Fontes* court put it, "Castro is not genuinely competing for the Republican Party's presidential nomination; he is transparently and in bad faith attempting to manufacture an injury for the sole purpose of pursuing litigation, not to obtain redress for any concrete, non-speculative injury." *Fontes*, 2023 WL 8436435, at *5; *see also Scanlan*, 2023 WL 7110390 at *5 ("[T]he

evidence indicates that Castro is creating his own injury in order to manufacture standing to challenge Trump's eligibility to run for president. Indeed, by his own admission, Castro declared as a candidate and paid the filing fee to show the impermissibility of Trump's presidency. He asserts that one of his goals in the campaign is 'to demonstrate his legal ingenuity, ability to effectuate a national litigation strategy with minimal resources (i.e. guerrilla lawfare), and demonstrate executive leadership capabilities.' [footnote omitted] This practice of manufacturing standing to pursue a cause through litigation is not supported by the law."); *Warner*, Case No. 2:23-cv-00598 at * 13 ("If there were any questions as to whether the allegations in the complaint are sufficient to overcome a facial challenge, the evidentiary submissions remove any doubt that Mr. Castro's purported 'campaign' exists as a vehicle for pursuing litigation, not votes.")

As the above "futility" analysis addressed, there is little daylight between the facts of this case and those in *Fontes, Scanlan*, or *Warner*. This Court can see Castro's "campaign strategy" for what it is: a mechanism to manufacture standing. Nothing in Plaintiff's amendment changes this.

Accordingly, Castro's Motion to Amend should be denied also because it is brought in bad faith.

## CONCLUSION

For the reasons stated above, Defendant Donald John Trump respectfully requests that Plaintiff's Motion to Amend be denied.

**CARUSO LAW OFFICES, P.C.**

Electronic Filing

By: */s/ Mark J. Caruso*
Mark J. Caruso, Esq.

        4302 Carlisle Blvd., NE
        Albuquerque, New Mexico 87107
        (505) 883-5000
        mark@carusolaw.com

        **DHILLON LAW GROUP, INC.**

        Michael A. Columbo
        177 Post Street, Suite 700
        San Francisco, CA 94108
        (415) 433-1700
        mcolumbo@dhillon.com

        Gary Lawkowski
        2121 Eisenhower Avenue, Suite 608
        Alexandria, VA 22314
        703-574-1654
        glawkowski@dhillon.com

        Attorneys for President Trump

## CERTIFICATE OF SERVICE

  The undersigned counsel does hereby certify that on the 22nd day of December 2023, the foregoing document was served upon all parties of record electronically via the Court's CM/EMF system.

<u>/s/ Mark J. Caruso</u>
Mark J. Caruso, Esq.
Attorney for Defendant Trump
4302 Carlisle Blvd NE
Albuquerque, NM 87107
Phone: 505-883-5000
Fax: 505-883-5012
E-mail: mark@carusolaw.com