IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN ANTHONY CASTRO )<br>12 Park Place, Mansfield, TX 76063 )<br> )<br>    Plaintiff, )<br> )<br>*v*. )<br> )<br>SECRETARY OF STATE MAGGIE )<br>TOULOUSE OLIVER )<br>325 Don Gaspar, Ste 300, Santa Fe, NM 87501 )<br> )<br>DONALD JOHN TRUMP )<br>1100 S. Ocean Blvd, Palm Beach, FL 33480 )<br> )<br>    Defendants. )<br> ) | Case No. 1:23-cv-00766 |

**PLAINTIFF'S MOTION FOR RULING AND**

**NOTICE OF INTENT TO FILE WRIT OF MANDAMUS**

    Plaintiff John Anthony Castro, *pro se*, files this Motion for Ruling and Notice of Intent to File Writ of Mandamus with the U.S. Court of Appeals for the 10th Circuit.

<u>10TH CIRCUIT CASE LAW MANDATES ACCEPTANCE OF ALL ALLEGATIONS AS TRUE FOR PURPOSES</u>

<u>OF A MOTION TO DISMISS FOR LACK OF STANDING</u>

    As stated in ECF 53, the U.S. Court of Appeals for the 10th Circuit has bindingly held that "a ruling on a motion to dismiss for lack of standing requires the court to construe ***all*** material allegations of the complaint as true."[1]  Although Plaintiff was not nominated by committee as outlined in N.M. Stat. § 1-15A-5, Plaintiff can still be nominated by petition per N.M. Stat. § 1-15A-6.  Moreover, Plaintiff can still be a write-in candidate.

---

[1] *Riggs v. City of Albuquerque*, 916 F.2d 582, 586 (10th Cir. 1990).

In this case, Plaintiff's Verified Complaint, Paragraph 22, specifically alleges that Plaintiff was and still is "directly and currently competing against Trump for the Republican nomination for the Presidency of the United States." Upon Defendant Donald John Trump's Motion to Dismiss, Plaintiff John Anthony Castro provided more definitive statements to support the verified factual allegation of "directly and currently competing" against Donald John Trump.

In said definitive statements elaborating more in-depth on the factual allegation "directly and currently competing" against Defendant Donald John Trump, Plaintiff John Anthony Castro cited campaign finance expenses directly attributable to New Mexico, verified statements of boots-on-the-ground campaigning, verified statements of digital campaigning, evidence of active New Mexico voter support his campaign, verified statements of campaign contributions, and verified statement of Plaintiff John Anthony Castro's intent to be a Republican Primary Presidential Candidate in New Mexico.[2]

Because binding case law from the 10th Circuit mandates that lower courts accept all material allegations as true, any determination that Plaintiff John Anthony Castro is not a direct and current competitor is a reversible error.

In addition, Plaintiff John Anthon Castro has specifically alleged a political competitive injury that also goes to standing, which this Court is mandatorily required to accept as true per the *Riggs* decision from the 10th Circuit.

---

[2] It must be noted that Fed. R. Civ. P. 8(d)(3) specifically allows a party to "state as many separate claims and defenses as it has, regardless of consistency." For this reason, the Verified Complaint stated that Plaintiff would be either be on the ballot or compete as a substantive write-in. The First Circuit's ruling exploited this seeming inconsistency, which is expressly permitted by the Federal Rules of Civil Procedure, to argue that this weakened Plaintiff's claim of a concrete injury and made it tantamount to a "self-declaration" of candidacy who has no different standing than an average voter. Plaintiff's position is that getting on the ballot shows substance and automatically qualifies one as having political competitor standing. If, however, one argues he is a write-in candidate, he bears the burden of showing more, which Plaintiff did in this case. Therefore, under either approach, Plaintiff John Anthony Castro's case represents the constitutional bare minimum legally required to establish political competitor standing.

Moreover, the 10th Circuit has held that an "identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation."[3]

Plaintiff John Anthony Castro's Verified Complaint evidences an "identifiable trifle" and Castro testified his pursuit of the Republican Nomination on "principle [which] supplies the motivation" necessary to find an injury-in-fact. As such, Plaintiff's injury is unquestionable in accordance with both 10th Circuit and U.S. Supreme Court jurisprudence.

The fact that Plaintiff John Anthony Castro is a declared candidate with campaign expenses, campaign contributions, and substantive boots-on-the-ground campaign activities in New Mexico is enough based on 10th Circuit jurisprudence because Plaintiff's candidacy is foreseeable and probable based on his track record of following through when he says he will do something, such as appearing on the New Hampshire, Nevada, and Arizona ballots.[4]

---

[3] *Chicano Police Officer's Ass'n v. Stover*, 526 F.2d 431, 436 (10th Cir. 1975), *vacated on other grounds*, 426 U.S. 944 (1976) (citing *U.S. v. SCRAP*, 412 U.S. 669 (1973)). Defendant Donald John Trump's argument that other circuits have more narrowly interpreted the U.S. v. SCRAP decision is not relevant in this circuit. Abrogation, in the context of environmental law, was only recognized by the Supreme Court of Delaware in a footnote. *See Oceanport Indus., Inc. v. Wilmington Stevedores, Inc*., 636 A.2d 892, 904 (Del. 1994). U.S. v. SCRAP was recognixed as good law by the 10th Circuit as recently as 2017. *See Am. Humanist Ass'n, Inc. v. Douglas Cnty. Sch. Dist. RE-1*, 859 F.3d 1243, 1248 (10th Cir. 2017). It is binding on this Court.

[4] *Columbian Fin. Corp. v. BancInsure, Inc*., 650 F.3d 1372, 1378 (10th Cir. 2011) (citing *Golden v. Zwickler*, 394 U.S. 103 (1969)).

<u>POLITICAL QUESTION DOCTRINE INAPPLICABLE TO A PRIMARY ELECTION</u>

As explained in ECF 57, the *Political Question Doctrine* is an affirmative defense to jurisdiction.[5] The 10th Circuit has made it clear that "it is the defendant's burden to plead an affirmative defense."[6] The 10th Circuit has also clarified that "even after the defendant has pleaded an affirmative defense, the federal rules impose on the plaintiff no obligation to file a responsive pleading" since Defendant carries the burden.[7]

Moreover, this Court has previously held that it will only consider arguments made in the initial motion to dismiss:

> "Because Defendant did not present any argumentation on this claim in its Motion and raised the issue for the first time in its reply memorandum, the Court finds that the issue was not timely raised and consequently not fully developed in the parties' briefing. Therefore, the Court declines to consider Defendant's argument on this point. *See Garcia v. International Elevator Co., Inc.*, 358 F.3d 777, 781 (10th Cir. 2004) (noting that the district court properly did not address an issue first raised in a reply brief in support of a motion to dismiss because "the issue was not fully fleshed out by the parties" even though a surreply had been filed); *see also U.S. ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1279 (10th Cir. 2001) (**an argument first raised in a reply brief in support of a motion filed with the district court was waived on appeal**).[8]

---

[5] *See U.S. v. Kellogg Brown & Root Servs., Inc.*, 856 F. Supp. 2d 176, 179 (D.D.C. 2012) ("The government asserts a number of independent barriers to KBR's counterclaim and affirmative defense, including judicial estoppel, the political question doctrine, failure to exhaust administrative remedies, and failure to state a claim."); *Fed. Republic of Yugoslavia v. Park-71st Corp.*, 913 F. Supp. 191, 193 (S.D.N.Y. 1995) ("Defendant… asserts, as an affirmative defense, that Plaintiff lacks standing and that this matter presents a non-justiciable political question."); *Fair Fight Action, Inc. v. Raffensperger*, 634 F. Supp. 3d 1128, 1148 (N.D. Ga. 2022) ("Defendants presented the following affirmative defenses… Political Question Doctrine."); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 1600487, at *2 (N.D. Fla. Apr. 23, 2021) ("the affirmative defense based on the political question doctrine"); *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. CV 05-03459 GAF EX, 2014 WL 5510996, at *6 (C.D. Cal. Oct. 31, 2014) ("Political Question Affirmative Defense"); *U.S. v. Washington*, 19 F. Supp. 3d 1317, 1338 (W.D. Wash. 2000) ("political question affirmative defense"); *Seneca Nation of Indians v. State*, No. 93-CV-688A, 1994 WL 688262, at *1 (W.D.N.Y. Oct. 28, 1994) ("The affirmative defenses raised by defendants' answers include... political question."); *U.S. v. Hempfling*, No. CVF05-594LJOSMS, 2007 WL 1299262, at *2 (E.D. Cal. May 1, 2007) ("Affirmative Defense: The political question doctrine"); *Caliste v. Cantrell*, No. CV 17-6197, 2017 WL 6344152, at *1 (E.D. La. Dec. 12, 2017) ("Defendant also alleges twenty-eight affirmative defenses including… non-justiciable political question."); *Simon v. Republic of Hungary*, No. CV 10-01770 (BAH), 2012 WL 13069771, at *6 (D.D.C. Sept. 30, 2012) ("The Court concludes that RCH has asserted meritorious defenses, insofar as it is has asserted six affirmative defenses… The claims against RCH constitute non-justiciable political questions.").

[6] Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980))

[7] Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018).

[8] Farmington Pro. Firefighters, IAFF Loc. 2850 v. City of Farmington, New Mexico, No. CV 05-1008 JP/LAM, 2007 WL 9709935, at *5 (D.N.M. May 7, 2007).

Therefore, this Court is *strictly* limited to only consider the arguments made in ECF 15, Defendant Donald John Trump's initial Memorandum in Support of Motion to Dismiss.

Defendant Donald John Trump's only argument in ECF 15 was that there was a "textually demonstrable constitutional commitment of the issue to" Congress. In support of that baseless assertion, Defendant Donald John Trump merely referenced the 12th and 20th Amendments and the unanalyzed *dicta* of other courts. "Textually demonstrable" means you can show the explicit text in the U.S. Constitution that commits the issue to Congress. Defendant Donald John Trump failed to do that, and this Court's own jurisprudence as well as binding precedent from the 10th Circuit prevents it from making new arguments on behalf of Defendant Donald John Trump.

As explained in Plaintiff's Verified Objection (ECF 53), all material facts must be accepted as true for purposes of a motion to dismiss. The facts in this allege direct and current competition coupled with precise examples of pre-filing activities. The Political Question Doctrine is inapplicable based on Defendant Donald John Trump's arguments.

Based on all of the foregoing, there is no legal basis for this Court to grant the motion to dismiss and any grant of said motion will be swiftly reversed on appeal.

## A Claim Upon Which Relief Can Be Granted

Since this Court's hearing on November 28, 2023, the Colorado Supreme Court held that Section 3 of the 14th Amendment is "self-executing," which means it creates a direct cause of action for Plaintiff to pursue this claim.[9]

---

[9] *See Anderson v. Griswold*, 2023 CO 63 (Colo. 2023).

**REQUESTED RELIEF**

Based on the foregoing, because this Court must recognize that Plaintiff has standing, the Political Question Doctrine does not apply, and Plaintiff has stated a claim upon which can be granted, Plaintiff files this motion for a ruling.  Moreover, Plaintiff is providing this Court notice of his intent to file a writ of mandamus with the 10th Circuit.

Respectfully submitted,

Dated: January 5, 2024.   By:   */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.  Executed on January 5, 2024.

*/s/ John Anthony Castro*
John Anthony Castro

**CERTIFICATE OF SERVICE**

On January 5, 2024, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF.  It is further certified that all other parties will be served via CM/ECF if they are registered users, and, if they are not registered users or have not yet filed a notice of appearance, they will be served by U.S. postal mail.

*/s/ John Anthony Castro*
John Anthony Castro